UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DUKE ENERGY INDIANA, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:14-cv-02041-RLY-MJD |
| ) | |
| COMCAST OF INDIANAPOLIS, LLC, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS AND FOR A MORE DEFINITE STATEMENT**

This matter comes before the Court on Defendant's Motion to Dismiss Counts II and III and for a More Definite Statement as to Count I of Plaintiff's Amended Complaint. [Dkt. 33.] The Magistrate Judge, being duly advised, hereby recommends that the Court **GRANT IN PART** and **DENY IN PART** Defendant's motion.

### I. Background

Duke Energy of Indiana, Inc., ("Plaintiff") filed its initial Complaint against Comcast of Indianapolis, LLC, ("Defendant") on December 12, 2014. [Dkt. 1.] Defendant filed a motion to dismiss the initial complaint pursuant to Rules 12(b)(6) and 12(e) of the Federal Rules of Civil Procedure on February 9, 2015. [Dkt. 22.] Plaintiff then filed its Amended Complaint as a matter of course fourteen days after Defendant filed its motion to dismiss. [Dkt. 29.] Because the original complaint was no longer the operative pleading in this matter, Defendant's original motion to dismiss was denied as moot on March 10, 2015. [Dkt. 32.]

In Count I of Plaintiff's Amended Complaint, Plaintiff alleges that Defendant breached a contract between the two parties. [Dkt. 29 at 9.] Specifically, Plaintiff claims 1) that it owns

utility poles upon which it allows Defendant to maintain attachments to support Defendant's cable television services, and 2) that both parties entered into a contract, the Pole License Agreement, to govern issues regarding pole attachments. [*Id.* at 3.] Plaintiff claims that the "Pole License Agreement is a valid, enforceable contract that requires Comcast, at its sole expense, to maintain its attachments in compliance with the [National Electrical Safety Code] and specifications, or to reimburse Duke Energy for bringing Comcast's attachments into compliance." [*Id.*]

Plaintiff alleges that some of Defendant's attachments to Plaintiff's utility poles did not meet the specifications of the National Electrical Safety Code [*id.* at 4] and that Plaintiff accordingly performed the work necessary to correct Defendant's violations. [*Id.* at 8.] Plaintiff then alleges that Defendant has failed to reimburse Plaintiff for these repairs pursuant to the contract. [*Id.* at 6, 9.] In support of this claim, Plaintiff attached to its Amended Complaint twenty-two invoices for work it has allegedly performed for Defendant. [Dkt. 29 at Ex. B, C.] These invoices include the invoice number, the date the invoices were issued, the amount charged, and the location of the work performed. [*Id.*]

In Count II of Plaintiff's Amended Complaint, Plaintiff argues that if the Court determines that the Pole License Agreement does not require Defendant to reimburse Plaintiff for correcting Defendant's violations, Plaintiff is, nonetheless, entitled to relief under the alternative theory of unjust enrichment. [Dkt. 29 at 10.] Plaintiff raises the same argument in Count III, replacing the theory of unjust enrichment with the theory of *quantum meruit*. [*Id.* at 11.]

## II. Discussion

Defendant moves to dismiss Counts II and III of Plaintiff's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) and for a more definite statement as to Count I, or in the alternative, to additionally dismiss Count I under Rule 12(b)(6). [Dkt. 33 at 1.] To survive Defendant's 12(b)(6) motion, Plaintiff's Amended Complaint must state a claim to relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint's factual allegations need not be "detailed," but a plaintiff's grounds for relief require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555. In applying these principles, the court must accept all well-pleaded allegations of a complaint as true and draw all reasonable inferences in favor of the plaintiff. *Cler v. Illinois Educ. Ass'n*, 423 F.3d 726, 729 (7th Cir.2005).

### A. Dismissing Counts II and III

Defendant in this case does not deny the existence of the Pole License Agreement or that it governs the attachments to Plaintiff's utility poles. [Dkt. 40 at 10.] Accordingly, Defendant moves to dismiss Counts II and III of Plaintiff's Complaint on the grounds that 1) Plaintiff is precluded from pleading or recovering under an equitable theory of relief such as unjust enrichment or *quantum meruit* because Plaintiff and Defendant are parties to an enforceable contract, the Pole License Agreement, which provides the same subject matter relief as the equitable theories [Dkt. 34 at 17-18]; and 2) that unjust enrichment and *quantum meruit* are the

same claim under Indiana Law, such that one theory should be dismissed as superfluous. [*Id.* at 18.]

Generally, a party may plead a breach of an express contract and equitable relief in the alternative even though the claims are inconsistent. *See CoMentis, Inc. v. Purdue Research Found.*, 765 F. Supp. 2d 1092, 1098 (N.D. Ind. 2011) (citing Fed. R. Civ. P. 8(d)). Under the doctrine of pleading in the alternative, pursuant to Federal Rule of Civil Procedure 8(a), "a party is allowed to plead breach of contract, or if the court finds no contract was formed, to plead for quasi-contractual relief in the alternative." *Id.* "To plead in the alternative, a plaintiff must claim *both* that a contract was breached and that a contract did not exist but equity demands that the injury be compensated." *CoMentis*, 765 F. Supp. 2d at 1103 (emphasis original). However, a party cannot plead a claim of equitable relief in conjunction with a breach of contract claim where the parties are bound by an express contract that covers the same subject matter as the equitable claim. *Cromeens, Holloman, Sibert, Inc v. AB Volvo*, 349 F.3d 376, 397 (7th Cir. 2003). In short, "[a] party cannot pursue equitable relief simply because its contract claim fails, without alternatively alleging that there was either no contract on point or the contract at issue was unenforceable." *Id.*

The *CoMentis* court did not permit the plaintiff in that case to plead both (1) that the parties were controlled by an express license agreement—which was breached by the defendant for failing to include certain patent applications—and (2) that defendant was unjustly enriched by such action because the claims were "one and the same." 765 F. Supp. 2d at 1102. The plaintiff first pled that if the patent applications were found by the court to be encompassed by the license agreement, the plaintiff's rights under those commitments would be governed by the license agreement. *Id.* However, the plaintiff also pled that if the patent applications were found

4

not to be encompassed by the agreement, the plaintiff should be able to pursue its unjust enrichment claim in the alternative. *Id.* The court found these pleadings incompatible because the plaintiff stipulated in its complaint that the parties' rights and obligations were governed by the express agreement, and the plaintiff wished to pursue the unjust enrichment claim *only if* the breach of contract failed. *See id.* (*"*CoMentis may not seek unjust enrichment *just in case* the contract does not afford it the relief it seeks."*).

Similarly, the court in *Entertainment USA, Inc. v. Moorehead Communications, Inc.*, found that the express contract between the plaintiff and defendant covered the same subject matter as the plaintiff's unjust enrichment claim. No. 1:12-CV-116, 2015 WL 1279721, at *17 (N.D. Ind. Mar. 20, 2015). The plaintiff argued that if the breach of contract claim granted the plaintiff complete relief, the unjust enrichment claim was moot. *Id.* However, the plaintiff also argued that if complete relief was not available under the breach of contract claim, it should be free to pursue its unjust enrichment claim. *Id.* The court explained that these conflicting arguments amounted to an admission that the unjust enrichment theory and the contract covered the same subject matter. *Id.* The court thus dismissed the plaintiff's unjust enrichment claim as an improper attempt to plead in the alternative. *Id.*

Here Plaintiff admits that an express contract controls the relationship between Plaintiff and Defendant with regard to attachments to Plaintiff's utility poles. [Dkt. 29 at 9.] Plaintiff attaches the Pole License Agreement as an exhibit and lays out the subject matter of the relevant sections in its Amended Complaint. [Dkt. 29 at 3-4.] Plaintiff claims the Pole License Agreement is a valid and enforceable contract, and it is this contract that requires Defendant to reimburse Plaintiff for costs incurred from repairing Defendant's violations. [*Id.*] Yet, Plaintiff goes on to claim that "[i]f the Court determines, based on law and facts of this case, that the Pole License

5

Agreement itself does not require Comcast to reimburse Duke Energy for correcting Comcast's violations, Duke Energy is entitled to relief under the alternative theory of unjust enrichment." [*Id.*] Much like the Plaintiff in *Entertainment USA*, Plaintiff here is only pursuing its unjust enrichment and *quantum meruit* claims if it is not afforded relief under the breach of contract claim. This manner of pleading a breach of contract claim in conjunction with a claim of equitable relief—only if the breach of contract claim fails to provide relief—amounts to an admission that the contract and equitable relief cover the same subject matter.

Moreover, it is clear that Plaintiff is not pleading in the alternative in the manner permitted by Federal Rule of Civil Procedure 8(a). As the *CoMentis* court made clear, for a party to plead in the alternative with regard to a breach of contract claim, the party must claim **both** that the contract was breached **and** that the contract did not exist but equity demands the party be compensated. Plaintiff here does not plead that the Pole License Agreement does not exist or that it is unenforceable. In fact, Plaintiff argues the opposite, as Plaintiff contends that the Pole License Agreement is a valid enforceable contract and that the equitable theories of unjust enrichment and *quantum meruit* should be granted by the Court **if** the Court finds that the Pole License Agreement does not require Defendant to reimburse Plaintiff. Plaintiff has thus not pled in the alternative; instead, Plaintiff has impermissibly tried to select other theories of recovery as backups in case its breach of contract claim fails. *See CoMentis*, 765 F. Supp. 2d at 1103 (N.D. Ind. 2011) ("[Plaintiff] may not seek unjust enrichment *just in case* the contract does not afford it the relief it seeks.").

In short, the parties agree that an express and enforceable contract exists and that this contract governs the attachments to Plaintiff's utility poles, and Plaintiff is accordingly not

permitted to also plead equitable theories of relief.[1] Moreover, because Plaintiff has admitted that the Pole License Agreement governs, Plaintiff is estopped from pleading otherwise. The Magistrate Judge therefore recommends that Counts II and III be **DISMISSED WITH PREJUDICE**.

### B. More Definite Statement for Count I

Defendant moves for a more definite statement of Count I of Plaintiff's Amended Complaint, claiming that Plaintiff has provided so few details of its breach of contract claim that Defendant cannot reasonably formulate a response. [Dkt. 34 at 3.] Defendant argues that Plaintiff omits from its Amended Complaint any of the necessary facts establishing that Defendant is responsible for the code violations or that the charges for repairs were reasonable. [*Id.*] Defendant further claims that because the code violations were discovered when other parties were proposing to attach equipment to Plaintiff's utility poles, it is not clear that Defendant is responsible for the violations. [Dkt. 40 at 2.] Defendant also argues alternatively that the Court should dismiss Count I under Federal Rule of Civil Procedure 12(b)(6). [Dkt. 33 at 1.]

Plaintiff responds that Defendant's motion for a more definite statement is an effort to obtain premature discovery. [Dkt. 35 at 3.] Plaintiff argues that it has pled each required element of its breach of contract claim with specificity, even attaching invoices of the charges it originally submitted to Defendant for the cost of repairs. [*Id.* at 2.] Plaintiff argues that its Amended Complaint is sufficient as written and that the motion for a more definite statement should be denied. [*Id.* at 4.]

Federal Rule of Civil Procedure 12(e) provides the standard for a motion for more definite statement. That Rule provides:

---

[1] Because Counts II and III are dismissed, it is not necessary for the Court to consider whether unjust enrichment and *quantum meruit* amount to the same claim under Indiana Law.

> (e) Motion for a More Definite Statement. A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot **reasonably** prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed. R. Civ. P. 12(e) (emphasis added). "Rule 12(e) motions are generally disfavored, and courts should grant such motions only if the complaint is so unintelligible that the defendant cannot draft a responsive pleading." *Moore v. Fid. Fin. Servs., Inc.,* 869 F. Supp. 557, 559–60 (N.D.Ill.1994) (citing *U.S. for Use of Argyle Cut Stone Co., Inc. v. Paschen Contractors, Inc.,* 664 F. Supp. 298, 303 (N.D.Ill.1987)). "Moreover, Rule 12(e) motions are not to be used as substitutions for discovery." *Id.* at 560 (citing *Paschen Contractors, Inc.,* 664 F. Supp. at 304). "However, a Rule 12(e) motion may be appropriate when a complaint fails to put a defendant on notice as to which of the claims apply to what parties." *Coleman v. Majestic Star Casino, LLC,* No. 2:11–cv–391–PPS–PRC, 2012 WL 1424396, at *1 (N.D. Ind. Apr.24, 2012) (citation omitted). "A more definite statement is required in claims involving contracts when the 'defendants can only guess [as] to what conduct and contract(s) [an] allegation refers.'" *Defined Space, Inc. v. Lakeshore E., LLC*, 797 F. Supp. 2d 896, 898 (N.D. Ill. 2011) (quoting *Jackson Nat'l. Life Ins. Co. v. Gofen & Glossberg, Inc.,* 882 F. Supp. 713, 726 (N.D.Ill.1995)).

As noted above, *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), set out the requirements for a well-pleaded complaint, and although these cases were not decided in the context of a motion for a more definite statement, they are instructive in determining whether Plaintiff must provide more detail in its Amended Complaint. In *Twombly,* the Court stated that plaintiffs must "nudge[ ] their claims across the line from conceivable to plausible." *Twombly,* 550 U.S. at 570. Where a complaint pleads facts that are

8

"merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* at 557. In *Iqbal*, the Court observed that even if Rule 8 marks "a notable and generous departure from the hyper-technical, code-pleading regime of a prior era," the Rule "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.;" thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 678–79.

In the years since *Ashcroft* and *Iqbal* were decided, other courts have provided examples of when a motion for a more definite statement should be denied or granted. For example, in *Acoustical Surfaces*, the court denied a motion for a more definite statement where the plaintiff had attached the contract at issue to the complaint as an exhibit and the complaint provided a concise statement and all elements of the plaintiff's breach of contract claim. *Acoustical Surfaces Inc. v. Vertetek Corp.*, No. 13-CV-4837, 2014 WL 1379864, at *5 (N.D. Ill. Apr. 8, 2014) Similarly, in *Defined Space* the defendant alleged that it could not formulate a response to the plaintiff's complaint because the plaintiff had not specified which contracts for particular works were at issue. 797 F. Supp. 2d at 904. The court disagreed, however, denying the defendant's motion because the plaintiff had provided a timeframe for when the works at issue were created, and the plaintiff had attached copies of the works alleged to have been infringed upon to its complaint. *Id.*

Relatedly, in *Kaufman v. CRST Lincoln Sales, Inc.*, the court denied a motion for a more definite statement even though the defendants claimed they could not identify the nature of the claims against them and, therefore, formulate an accurate responsive pleading. No. 2:10-CV-466-JD-PRC, 2011 WL 2946165, at *4 (N.D. Ind. June 24, 2011) *report and recommendation adopted,* No. 2:10-CV-466 JD, 2011 WL 2946164 (N.D. Ind. July 21, 2011) The court found that

the claims referencing "defendants" generally did not make the claims too ambiguous to respond to, and the complaint "'provide[d] sufficient information for defendants to investigate their role in the events.'" *Id.* (quoting *Obi v. Chase Home Fin., LLC*, No. 10 C 3154, 2010 WL 4810609, at *3 (N.D. Ill. Nov. 19, 2010)

Here Defendant argues that it is unable to formulate a responsive pleading, but the substance of the Amended Complaint suggests otherwise. First—much like the plaintiff in *Acoustical Surfaces*—Plaintiff in this case has pled all the required elements of a breach of contract claim under Indiana law, insofar as Plaintiff claims (1) that the Pole License Agreement is a contract that exists between Plaintiff and Defendant, and that contract controls attachments to Plaintiff's utility poles [Dkt. 29 at 3-4]; (2) that Defendant breached the Pole License Agreement by not reimbursing Plaintiff for costs incurred from repairing Defendant's code violations [*id.* at 6]; and (3) that Plaintiff has been damaged in the amount of $1,170, 950.54 plus interest [*Id.* at 7; *see also Niezer v. Todd Realty, Inc.*, 913 N.E.2d 211, 215 (Ind. Ct. App. 2009) ("The elements of a breach of contract action are the existence of a contract, the defendant's breach thereof, and damages.")] Moreover, Plaintiff has attached the Pole License Agreement to its Amended Complaint as an exhibit and has specified which sections of the agreement are relevant to its claims. [Dkt. 29-1.]

Second, Plaintiff has provided as exhibits all the invoices it has allegedly sent Defendant for costs incurred from correcting Defendant's violations. [Dkt. 29-2, 29-3.] While Defendant claims these invoices are too vague for it to form a responsive pleading, [Dkt. 40 at 4], the invoices—in combination with the complaint and attached agreement— "provid[e] sufficient information for [Defendant] to investigate [its] role in the events." *Kaufman*, 2011 WL 2946165, at *4. In addition, Plaintiff's invoices provide details showing when the repairs were made,

where they were made, and how much was charged. [Dkt. 29-2, 29-3.] Thus, similar to the plaintiff in *Defined Space*, Plaintiff has provided Defendant with a timeframe for when the violations were corrected. Finally, Defendant, like Plaintiff, has agreed that the Pole License Agreement is the governing contract between the parties. [Dkt. 10 at 40.] Defendant thus has no need to guess as to what contract or conduct is at issue, such that Defendant should reasonably be able to formulate a response.[2] As such, there is no need for Plaintiff to provide a more definite statement, and this aspect of Defendant's motion should be denied.

The above observations also dispense with Defendant's alternative request to dismiss Count I. *Twombly* and *Iqbal*—as noted above—may have raised the federal pleading standard in some respects, but by providing the specific contract and invoices at issue, Plaintiff has provided enough detail for the Court to draw the reasonable inference that Defendant did in fact commit a breach of the Pole License Agreement. This is all that is required at this stage of the litigation, *see, e.g.*, *Hamzah v. Woodmans Food Mkt. Inc.*, No. 13-CV-491-WMC, 2014 WL 1207428, at *3 (W.D. Wis. Mar. 24, 2014) (plaintiff is not required to prove its case at the pleading stage), and the Magistrate Judge accordingly recommends that the Court **DENY** Defendant's motion to dismiss Count I.

### III. Conclusion

For the aforementioned reasons, the Magistrate Judge recommends that the Court **GRANT** Defendant's Motion to Dismiss Counts II and III of Plaintiff's Amended Complaint

---

[2] Defendant cites to Section 224(i) of the federal Pole Attachment Act, arguing that it is likely that someone other than Defendant is responsible for the code violations because under the Act, an entity that already has attachments to utility poles is not legally responsible for the rearrangement costs caused by new entities making attachments. [Dkt [Dkt. 34 at 15.] Plaintiff, in contrast, claims the violations were "pre-existing," meaning they existed prior to the visit by new parties to the poles. [Dkt. 29 at 4.] This dispute can be resolved at the discovery stage. *See Kaufman v. CRST Lincoln Sales, Inc.*, No. 2:10-CV-466-JD-PRC, 2011 WL 2946165, at *4 (N.D. Ind. June 24, 2011) *report and recommendation adopted,* No. 2:10-CV-466 JD, 2011 WL 2946164 (N.D. Ind. July 21, 2011) ("Without conducting discovery, Plaintiff is unlikely to know which individuals made the decisions described in the complaint or which entity bears responsibility for the actions underlying his allegations.").

and **DENY** Defendant's Motion for a More Definite Statement or in the alternative to Dismiss as to Count I of the Complaint. Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections within fourteen (14) days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Dated: 07/17/2015

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Eric B. Langley
BALACH & BINGHAM LLP
elangley@balch.com

Joseph D. Leavens
BALACH & BINGHAM LLP
jleavens@balch.com

John Seiver
DAVIS WRIGHT TREMAIN LLP
johnseiver@dwt.com

Maria Browne
DAVIS WRIGHT TREMAINE LLP
mariabrowne@dwt.com

Eric A. Riegner
FROST BROWN TODD LLC
eriegner@fbtlaw.com

Andrew W. Hull
HOOVER HULL TURNER LLP
awhull@hooverhullturner.com