UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DUKE ENERGY INDIANA, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 1:14-cv-02041-RLY-MJD |
| ) | |
| COMCAST OF INDIANAPOLIS, LP, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |
| ) | |
| COMCAST OF INDIANAPOLIS, LP, ) | |
| ) | |
| Third Party Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| QC COMMUNICATIONS, INC., ) | |
| ) | |
| Third Party Defendant. ) | |

**ENTRY ON PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION OF JULY 31, 2015**

**I. Introduction**

Plaintiff, Duke Energy Indiana, Inc., filed a three-count Amended Complaint against Defendant, Comcast of Indianapolis, LP, to recover for uncompensated work performed on Defendant's attachments to Plaintiff's utility poles. Plaintiff alleges Defendant failed to correct several safety violations attributable to Defendant, despite having an express duty to do so pursuant to the parties' agreement, the Master License Agreement (the "Pole Attachment Agreement"). Plaintiff consequently performed the

necessary repairs, as the Pole Attachment Agreement purportedly allows, and now seeks reimbursement from Defendant for that work. To this end, Plaintiff sought recovery under three theories: (1) breach of contract, (2) unjust enrichment, and (3) quantum meruit. Defendant timely filed a motion to dismiss Count 2 and Count 3 pursuant to Rule 12(b)(6), and to dismiss or compel a more definitive statement for Count 1, pursuant to Rules 12(b)(6), (e). (Filing No. 33). Magistrate Judge Dinsmore issued a Report and Recommendation, recommending that this court grant the motion with regard to Count 2 and Count 3, and deny the motion with regard to Count 1. (Filing No. 56). This matter now comes before the court on Plaintiff's Objection to the Magistrate Judge's Report and Recommendation on Defendant's Motion to Dismiss. (Filing No. 57). For the reasons set forth below, the court **SUSTAINS IN PART** and **OVERRULES IN PART** Plaintiff's Objection.

## II. Legal Standard

Rule 72(b) expressly authorizes a litigant to object to a magistrate judge's report and recommendation on a dispositive motion within fourteen days of service. Fed. R. Civ. P. 72(b). The court reviews *de novo* any part of the report and recommendation to which a party has properly objected. *Id. See* 28 U.S.C. § 636(b)(1)(C). *De novo* review requires the court to re-examine the matter with a fresh set of eyes and make "an independent judgment of the issues." *Moody v. Amoco Oil Co.*, 734 F.2d 1200, 1210 (7th Cir. 1984). "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d

734, 739 (7th Cir. 1999). *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(b) advisory committee's notes.

Rule 12(b)(6) authorizes the dismissal of cases for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to survive a 12(b)(6) motion, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In determining the sufficiency of the complaint, the court assumes well-pleaded factual allegations to be true and draws all reasonable inferences in the light most favorable to the plaintiff. *Killingsworth v. HSBC Bank*, 507 F.3d 614, 618 (7th Cir. 2007) (citing *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006)).

**III. Discussion**

In the Report and Recommendation, Magistrate Judge Dinsmore denied Defendant's Motion for a More Definitive Statement or to Dismiss Count 1 of the Amended Complaint. Defendant did not object to this portion of the Report and Recommendation. After reviewing the Report and Recommendation, the parties' briefing, and the relevant case law, this court is satisfied that Magistrate Judge Dinsmore did not commit clear error in denying that portion of Defendant's motion. Therefore, the court **ADOPTS** that portion of the Report and Recommendation.

In Count 2 and Count 3 of the Amended Complaint, Plaintiff seeks relief pursuant to theories of unjust enrichment and quantum meruit, respectively. Defendant argues that

3

Plaintiff cannot pursue these two claims because Plaintiff is seeking to recover the same amount for the same services it is attempting to recover under its breach of contract claim. Defendant contends that these alternative theories are only cognizable when there is no governing contract, and, in this case, both parties agree that an enforceable contract exists. Defendant further argues that unjust enrichment and quantum meruit are one in the same under Indiana law. Plaintiff retorts that the Federal Rules of Civil Procedure allow it to plead alternative theories. Moreover, per the language of the Amended Complaint, Counts 2 and 3 will only be invoked if the court finds that the Pole Attachment Agreement cannot afford Plaintiff relief. Therefore, Plaintiff emphasizes, there is no threat of double recovery.

Unjust enrichment and quantum meruit are equitable, quasi-contract theories, but distinct elements for each are difficult to discern under Indiana law. Indeed, the Indiana Supreme Court defined quantum meruit as "an equitable doctrine that prevents unjust enrichment by permitting one to recover the 'value of work performed or material furnished if used' by another and if valuable." *Galanis v. Lyons & Truitt*, 715 N.E.2d 858, 861 (Ind. 1999) (quoting 17A C.J.S. Contracts § 440 at 553 (1963)). The fact that the *Galanis* Court used the term unjust enrichment in the definition of quantum meruit suggests that these claims are one in the same. This conclusion is reinforced by the fact that Indiana courts "have used the phrases quasi-contract, contract implied-in-law, constructive contract, and quantum meruit synonymously." *Indianapolis v. Twin Lakes Enterprises, Inc.*, 568 N.E.2d 1073, 1078 (Ind. Ct. App. 1991). *See Reed v. Reid*, 980 N.E.2d 277, 296 (Ind. 2012) (writing that unjust enrichment is "[a]lso referred to as

quantum meruit or quasi-contract"); *Woodruff v. Ind. Family & Soc. Servs. Admin.*, 964 N.E.2d 784, 791 (Ind. 2012) (stating that quantum meruit is "[a]lso called unjust enrichment or quasi-contract"); *Peoples State Bank v. Benton Twp. of Monroe Cnty.*, 28 N.E.3d 317, 325 (Ind. Ct. App. 2015) (noting that quantum meruit is "also referred to as unjust enrichment"). Whereas Count 2 and Count 3 are the same under Indiana law, at least one must be dismissed with prejudice.

Defendant maintains that *both* of the quasi-contract claims must be dismissed because the parties stipulate that a valid contract (the Pole Attachment Agreement) governs this dispute. The court agrees. The U.S. District Court for the Northern District of Indiana recently examined the same pleading strategy used by Plaintiff and held that this type of pleading in the alternative is not permitted under the Federal Rules of Civil Procedure. *See CoMentis, Inc. v. Purdue Research Found.*, 765 F. Supp. 2d 1092, 1101 (N.D. Ind. 2011). The *CoMentis* court explained, "A party cannot pursue equitable relief simply because its contract claim fails, without alternatively alleging that there was either no contract on point or the contract at issue was unenforceable." *Id.* at 1103. As Defendant rightly notes, Plaintiff does not allege that the Pole Attachment Agreement is unenforceable or does not control. Plaintiff attempts to seize upon Defendant's disagreement as to the applicable terms in the Pole Attachment Agreement, but Defendant's arguments go to the proper interpretation of the contract, not to whether a contract exists in the first place. Paraphrasing the *CoMentis* court, "[Plaintiff] may not seek unjust enrichment *just in case* the contract does not afford it the relief it seeks." *Id.* (emphasis original). Whereas the parties stipulate that there is a valid, enforceable

5

contract that governs this dispute, both of Plaintiff's equitable claims must be dismissed. *See Cromeens, Holloman, Siber, Inc. v. AB Volvo*, 349 F.3d 376, 397 (7th Cir. 2003) ("[A] plaintiff may not pursue a quasi-contractual claim where there is an enforceable, express contract between the parties."); *Kincaid v. Lazar*, 405 N.E.2d 615, 619 (Ind. Ct. App. 1980) ("The existence of a valid express contract for services, however, precludes implication of a contract covering the same subject matter."). However, because the court may ultimately determine that the Pole Attachment Agreement is not a valid contract due to lack of mutual assent, lack of consideration, illegality, etc., dismissal with prejudice of both claims is inappropriate. One of Plaintiff's equitable claims shall be dismissed without prejudice to allow for re-filing, should that need arise.

## IV. Conclusion

For the foregoing reasons, the court **SUSTAINS IN PART** and **OVERRULES IN PART** Plaintiff's Objection to Magistrate Judge Dinsmore's Report and Recommendation. (Filing No. 57). With regard to Count 2 (Unjust Enrichment), Plaintiff's Objection is **SUSTAINED IN PART** and **OVERRULED IN PART**. Therefore, Defendant's Motion to Dismiss Count 2 is **GRANTED**, and it shall be **DISMISSED WITHOUT PREJUDICE**. With regard to Count 3 (Quantum Meruit), Plaintiff's Objection is **OVERRULLED**. Therefore, Defendant's Motion to Dismiss Count 3 is **GRANTED**, and it shall be **DISMISSED WITH PREJUDICE**. Magistrate

Judge Dinsmore's recommendation regarding Count 1 is **ADOPTED**. Therefore, Defendant's Motion to Dismiss or for a More Definitive Statement on Count 1 is **DENIED**.

**SO ORDERED** this 21st day of September 2015.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.